**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **GREGORY KONRATH,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 9541 |
| | ) | |
| **STATE OF INDIANA,** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On October 11, 2016 this Court issued a two-page memorandum opinion and order that dismissed the October 5, 2016 Complaint and action brought by Gregory Konrath ("Konrath") against his former lawyer, Miguel Ruiz ("Ruiz"), whom Konrath had sought to sue for lawyer malpractice. That action, in which Konrath had invoked the diversity-of-citizenship branch of federal jurisprudence, was dispatched because of the limitations bar established by 735 ILCS 5/13-214.3(b).

But this Court learned later on October 11 that on October 5 Konrath had also filed this separate action against the State of Indiana, charging asserted improprieties in connection with Konrath's criminal prosecution, conviction and sentencing on which he is now serving out that sentence at the Westville Correctional Facility in Westville, Indiana. Quite apart from the total inappropriateness of bringing that lawsuit in this Northern District of Illinois, based as it is solely on "events that happened in Indiana" (as Konrath has expressly stated in the first paragraph of his Complaint), it ignores the sovereign immunity of the State of Indiana that precludes such a lawsuit without the State's consent. Konrath has conducted just enough research try to disclaim such immunity based on the literal language of the Eleventh Amendment, which precludes

lawsuits against states "by citizens of another state," but that ignores the 125-year-old doctrine -- first announced by the United States Supreme Court in Hans v. Louisiana, 134 U.S. 1 (1890) -- by which the Eleventh Amendment's more limited literal language has been extended to preclude a State's own citizens from suing it.

Accordingly both Konrath's Complaint and this action are dismissed for lack of subject matter jurisdiction. That however raises another issue -- that of Konrath's financial responsibility for having filing not one but two federal lawsuits that called for immediate dismissal based on flaws that were apparent on the face of each Complaint -- flaws that generated short case histories that bring to mind Ernest Hemingway's story The Short Happy Life of Francis Macomber.

In that respect, although our Court of Appeals' teaching is that District Judges to whom prisoner lawsuits are assigned should address 28 U.S.C. § 1915 ("Section 1915") and the plaintiff's responsibility in seeking in forma pauperis ("IFP") status in the first instance, the substantial time gap that existed between the mid-August end date of the trust fund account printout tendered along with Konrath's IFP petition and the early October filing date of his 16 C 9539 lawsuit meant that Konrath would have to provide more input to encompass the six-month period before filing.[1] That originally led this Court to treat the IFP application in 16 C 9539 as moot.

But a current look at part of Konrath's representations in 16 C 9541 appear to call for a fresh look at that subject. In the final paragraph of Konrath's Complaint he alleges that at the

_____

[1] That requirement would also call for determination of that "filing" date under the "mailbox rule" prescribed by Houston v. Lack, 487 U.S. 266 (1988).

time of his arrest on a charge of attempted murder he "was an orthopedic surgeon who had worked for 20 years, and was making $575,000 a year at the time of his arrest." And what his trust fund account printout reflects is his regular monthly receipt of $150 deposits from a "Sheila Konrath" through mid-June 2016, then -- all from the same source -- two $300 deposits at the end of June and the beginning of July, then two deposits of $150 each during the last half of July and a $100 deposit on August 10 (the printout ended on August 11). That last page of the printout showed a $369.17 balance on hand in the account.

All of that raises a serious question as to Konrath's entitlement to claim IFP status to begin with -- it certainly sounds as though, given the fact that his housing and other normal living needs are provided by the State of Indiana under what his Complaint refers to as "a plea deal [for] a ten-year sentence [that] was created," it is possible that the constant flow of funds into his prison account from Sheila Konrath (whose relationship to Konrath is not identified) may stem from money that belongs to him and could well be used to pay the filing fees in the two cases. And even if that is not so, Section 1915 specifically makes him liable for payment of both filing fees on an installment basis.

Accordingly this Court orders Konrath to file a full explanation on or before November 1, 2016 of his financial situation, including such matters as (1) the source of the inflow of funds referred to in this opinion, (2) the relationship that Sheila Konrath bears to him and (3) any other factual information necessary for this Court to carry out its Section 1915 obligations. This Court will then determine the course of any further proceedings.

Milton I. Shadur
Senior United States District Judge

Date: October 17, 2016

- 3 -