## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **GREGORY KONRATH**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 9541 |
| | ) |
| **STATE OF INDIANA**, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This Court's October 17, 2016 memorandum opinion and order (the "Opinion") dismissed both the Complaint and this action brought pro se by Indiana state court prisoner Gregory Konrath ("Konrath") for lack of subject matter jurisdiction and "raise[d] a serious question as to Konrath's entitlement to claim IFP status to begin with." In the latter respect the Opinion concluded with this paragraph:

> Accordingly this Court orders Konrath to file a full explanation on or before November 1, 2016 of his financial situation, including such matters as (1) the source of the inflow of funds referred to in this opinion, (2) the relationship that Sheila Konrath bears to him and (3) any other factual information necessary for this Court to carry out its Section 1915 obligations. This Court will then determine the course of any further proceedings.

Konrath has responded with a one-page hand-printed filing received in the Clerk's Office on October 28, which begins with a truly frivolous challenge to this Court's dismissal of this action for lack of subject matter jurisdiction by voicing his purported entitlement to ignore the United States Supreme Court's decision in <u>Hans v. Louisiana</u> because he "disagrees that literal language of the Eleventh Amendment can be simply ignored." Although Konrath touts his medical credentials as a highly successful orthopedic surgeon before he was criminally

convicted,[1] he obviously never coupled his medical training with obtaining even a modicum of legal knowhow.

That digression on Konrath's part aside, his brief October 28 response identifies himself as "indeed indigent" and explains that the deposits to his trust fund account stemmed from his mother Sheila Konrath, who he says provided those deposits from her own money.[2] Because the trust fund account printout that accompanied his IFP petition in this case ended with an August 10, 2016 entry, while the date of "filing" of his Complaint under the "mailbox rule" prescribed by Houston v. Lack, 487 U.S. 266 (1988) was October 3, this Court had its law clerk request a supplementation of that trust fund account information for the period from August 11 through October 3. When that supplement arrived in this Court's chambers, its final entry was dated September 2,[3] and the law clerk's request for a further explanation generated the attached

---

[1] As to the criminal charges against Konrath, see attached Exs. 1.A through 1.C, comprising three pages that Konrath included as part of his Petition To Proceed In Forma Pauperis ("IFP") in this case.

[2] Konrath provides little insight as to what became of the wealth that he obviously would have amassed from his lucrative medical practice: In his submissions in this case he speaks of $579,000 he made in his last year before he became embroiled in his criminal case, while in his contemporaneous 16 C 9539 lawsuit (referred to later in this opinion as also being assigned to this Court by random assignment) he asserts he made $1.76 million in 2009. In that other action he says that his ex-wife Ana (the asserted target of the murder plot charged in his criminal case) obtained $4 million in assets from their divorce finalized in 2011, while he says nothing about the source of funds that his mother Sylvia was sending him in prison on a monthly or more frequent basis, each in the sum of $150 or $300. It might also be noted that the Northern District of Indiana form of Prisoner Petition To Proceed IFP (Ex. 2) is a single page calling for a much less detailed response by a prisoner plaintiff than this District's form, so it also casts no light on the subject dealt with in this footnote.

[3] That minimal activity -- followed by total inactivity through November 9 -- was truly startling, for the originally-provided printout reflected nine Sylvia Konrath deposits of $150 or $300 each plus four modest payroll deposits (the total aggregating nearly $1750) in the four months plus one week time frame from April 4 to August 11, 2016.

e-mail (Ex. 3). That information clearly puts the lie to Konrath's statement in his October 28 filing that "I plan on paying the full $350 filing fee in installments deducted from my prison trust fund account."

Despite that scofflaw misrepresentation on Konrath's part, this Court has made the calculation called for by 28 U.S.C. § 1915 ("Section 1915") and has determined that the average monthly deposits to Konrath's account (see Section 1915(b)(1)(A)) during the five months before he thumbed his nose at the judicial system by emptying out the account came to $348.18, 20% of which (see Section 1915(b)(2)) is $69.64. Accordingly Konrath is assessed an initial partial filing fee of $69.64, and the Westville Correctional Facility ("Westville") trust fund officer is ordered to collect that amount from Konrath's trust fund account there -- if, as and when any new funds are received, that is -- and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department.

After such payment the trust fund officer at Westville (or at any other correctional facility where Konrath may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of any preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Konrath's name and the 16 C 9541 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Westville trust fund officer.

This Court is constrained to add that Konrath's conduct exhibited in this case is particularly disgraceful, coming as it does from someone who describes himself as "an orthopedic surgeon who had worked for 20 years, and was making $579,000 a year at the time of his arrest" and who concludes his Complaint in this action with this request for relief:

> The plaintiff is requesting the maximum punitive and compensatory financial relief available under federal law for the loss of a lucrative career, irreversible damage to his reputation, and pain and suffering from two years of incarceration; in total an excess of twenty-three (23) million dollars.

Finally, it is worth noting that two of Konrath's other contemporaneously-filed lawsuits were legal malpractice actions, one assigned to this Court's colleague Honorable Thomas Durkin and the other to this Court, in which each of us independently rejected his assigned action as barred by the specific Illinois statute establishing a two year limitation period for such malpractice lawsuits. There too Konrath was seeking the maximum possible financial recovery.

Under all the circumstances described here, this Court believes that consideration of some appropriate sanction against Konrath may be in order. That however is beyond the scope of this opinion, the ordering portion of which is limited to Section 1915.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 10, 2016

Page __1__ of __2__ page(s)

# PROBABLE CAUSE AFFIDAVIT

STATE OF INDIANA } SS:
COUNTY OF MIAMI

Gregory Anthony Konrath
1050 North Lincoln Street Peru, IN 46970
DOB: 08-26-1965; SSN: 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
Male; White; 6'1" Tall; 200lbs Brown Hair (Shaved); Brown Eyes
DEFENDANT'S NAME

I, Det/Sgt __Michael R. Rogers__ of the Miami County Sheriff's Office being first duly sworn upon Oath, says that on the __3rd__ day of __July__ __2014__ at approximately 1955hrs in the County of Miami and in the State of Indiana and at the Residence located at 1050 North Lincoln Street, Peru IN 46970

the following offense(s) occurred:

Attempted (as defined by IC 35-41-5-3) Murder, a violation of IC 35-42-1-1.

On 7/04/2014 at approximately 1429 hours the Miami County Central Dispatch Center received a call from a male identifying himself Gregory Konrath who requested officer respond to his residence located at 1050 North Lincoln Street, Peru IN and check the welfare of his live-in girlfriend identified as Joannah M. Bierzychudek. Konrath stated Joannah was making statements that indicated she was suicidal.

Law Enforcement Officers from the Miami County Sheriff's Office responded to the residence and made contact with Joannah. She told officers that she was not suicidal then informed them of information concerning a plan that Konrath had made to murder his ex-wife, Ana Konrath at her residence in Lafayette IN. Joannah relayed information that Konrath intended to then manipulate evidence causing the death of his ex-wife to appear to be a suicide. Joannah then shared a recording that she had made of a recent conversation between her and a male subject she identified to law enforcement as Grogory Konrath. During the conversation, Konrath relayed specific details of his plan to murder his ex-wife including substantial steps he had already taken in furtherance of his plan.

? NEVER ASKED

· Joannah further stated Konrath told her that he needed her to be his alibi after the murder. She told investigating officers that Konrath wanted her to lie to the police and tell officers that he had been home with her at the time of the murder if questioned. Joannah further stated that he wanted them to be married so that she could not be compelled to testify against him if he were accused of a crime. ?? pg 13, lines 19-23

I then listened to the recording she had made involving Konrath telling Joannah of his plan to commit the murder. I heard the male voice say that he had obtained the gun and that it was in the garage.

I heard him talk about the hollow point ammunition that he had obtained and loaded the weapon with. This ammunition was chosen because it would not penetrate the skull a second time which would cause more damage than just exiting the skull.

I heard him indicate that he would wear more than one layer of clothing so that the top layer could be readily discarded. He went on to describe the clothing he would wear as scrub and sweat pants.

I heard him admit selecting the dumpster that he would discard clothing in after the murder.

I heard him admit doing research on his phone then discarding the phone in order to conceal the research.

Ex. 1-A

Page 2 of 2

I heard him indicate he had taken the gun to a range and fired it.

I heard him indicate that he not handled the gun without wearing gloves.

I heard him indicate that he wanted to do it before she moved to Chicago because he could do thirty years in an Indiana prison but not Illinois, further stating he had already lived a full life. *ANA ALREADY LIVED IN CHICAGO WHEN I WAS ARRESTED*

I heard him indicate his motive for committing the murder as being justice.

I obtained sworn, audio and video recorded statements from Joannah detailing information concerning Konrath's behaviors and statements he has made, both recorded and unrecorded, detailing his plans to commit the murder of his ex-wife at her residence in Lafayette IN and make it appear to be suicide.

I then obtained a consent to search the residence located at 1050 North Lincoln Peru IN which was the residence shared by Joannah and Gregory Konrath on 07/04/2014 and had been their shared residence since January 2014 according to information provided by both Joannah and Konrath.

During the search of the garage I discovered and photographed a .38 caliber revolver loaded with hollow point ammunition. The weapon was being stored in a plastic bag and was covered with loose latex type gloves. The bag also contained an open box of latex type gloves. The items were located on a garage shelf.

I also located one set of surgical scrub type clothing, black sweat pants, cloth gloves and sandals inside a bag next to the bag which contained the gun and latex type gloves. The bag containing the above mentioned clothing items also contained climbing equipment. I have heard Konrath talk about mountain climbing. Joannah also stated the climbing gear belonged to Konrath.

I then located and spoke with Gregory Konrath who agreed to participate in an interview and was made aware that the interview was being recorded. I told Konrath that I wanted to talk with him about domestic violence issues, his gambling problems and alcohol use. I also told Konrath I wanted to discuss an alleged plan that he had made to kill his ex-wife. I then advised Konrath of his Miranda right after he stated he would talk about the issues, excluding the alleged plan to kill his ex-wife. Konrath stated he would not answer question about that issue without first consulting legal counsel.

Konrath provided information in his statement that corroborated many details that Joannah had previously relayed to law enforcement concerning alcohol use, gambling, financial and domestic problems caused by those behaviors.

Based on the evidence listed above concerning Gregory Anthony Konrath's plan to kill Ana Konrath in conjunction with the evidence of substantial steps taken by him in furtherance of the plan to knowingly and intentionally commit murder in the State of Indiana, I am seeking a Warrant for the arrest of Gregory Anthony Konrath for the Offense of Attempted Murder. ??

In accordance with Indiana Trial Rule 11, I affirm under the penalties for perjury that the foregoing representations are true.

_____  7/8/2014
(signature)              (date)

Ex. 1. B

DM47429

| | |
|---|---|
| STATE OF INDIANA )<br>) SS:<br>COUNTY OF MIAMI ) | IN THE MIAMI CIRCUIT COURT<br><br>CAUSE NUMBER 52C01-1407-FA |
| STATE OF INDIANA<br><br>VS<br><br>GREGORY A. KONRATH | INFORMATION FOR:<br><br>ATTEMPTED MURDER |
| 1050 N. Lincoln Street<br>Peru, IN 46970 | I.C. 35-42-1-1(1) and I.C. 35-41-5-1 |
| DOB: 8/26/1965 | A CLASS A FELONY |

**FILED JUL 09 2014** — Clerk Miami Circuit & Superior Courts

*[handwritten annotations: "I should NEVER have been arrested!", "??", "???"]*

The undersigned says that on or about June 2014 through July 3, 2014 in Miami County, State of Indiana, Gregory A. Konrath did attempt to commit the crime of Murder, which is to knowingly kill another human being, namely: Ana Konrath, by engaging in conduct that constitutes a substantial step toward the crime of Murder by acquiring a gun and/or selecting a specific type of ammunition and/or practicing with the gun and ammunition and/or wearing latex gloves to avoid prints on the gun and/or planning the clothing he would wear and/or selecting a specific place to dispose of the clothing and/or planting ammunition in the home of the intended victim and/or developing a plan that would look like the intended victim committed suicide and/or disposing of the phone on which he had done research to destroy evidence that he had researched his plan and/or selecting a time frame for committing the murder and/or recruiting a person to provide an alibi, with the specific intent to kill, which conduct constituted a substantial step toward the commission of said crime of Murder, contrary to the form of the statutes in such cases made and provided by I.C. 35-42-1-1(1) and I.C. 35-41-5-1 and against the peace and dignity of the State of Indiana.

I affirm under the penalties of perjury that the foregoing representations are true to the best of my knowledge and belief.

Bruce C. Embrey

APPROVED BY ME:

Bruce C. Embrey
Prosecuting Attorney

WITNESSES:
Michael Rogers
Ana Konrath

Ex. 1.C

JH

# UNITED STATES DISTRICT COURT FILED
# NORTHERN DISTRICT OF ~~INDIANA~~ 10-5-16

Illinois

OCT 05 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

GREGORY KONRATH ,  )
[Type or print your name on the line above] )
)
v. )   1:16-cv-9541
)   Judge Milton I. Shadur
~~[redacted]~~ , )   Magistrate Judge Michael T. Mason
[Type or print only the name of the first )   PC7
person you are suing.] )

## PRISONER PETITION TO PROCEED
## IN FORMA PAUPERIS

I, GREGORY KONRATH , offender number 254068 ,
declare that I am unable to prepay the full filing fees and costs of this proceeding,
or to give security because of my poverty. I believe that I am entitled to redress
and I petition the court for leave to proceed *in forma pauperis* in my:

☒ 42 U.S.C. § 1983 Civil Rights Complaint  ☐ 28 U.S.C. § 2254 Habeas Corpus Petition

☐ 42 U.S.C. § 1983 Civil Rights Appeal  ☐ 28 U.S.C. § 2254 Habeas Corpus Appeal

1. Do you work? ☒ NO  ☐ YES, I earn $ _____ per month.
2. Do you receive idle pay? ☒ NO  ☐ YES, I receive $ _____ per month.
3. Have you ever filed a lawsuit in the United States District Court for the Southern District of Indiana? ☒ NO  ☐ YES
4. Have you ever filed a lawsuit in a federal court outside of Indiana?
☒ NO  ☐ YES, in the _____ District of _____ in the year _____.
[Attach additional sheets if needed.]

I declare **under penalty of perjury** that the foregoing is true and correct.
Signed this ___ day of August , 20 16 .

_____
Your Signature

**NOTE: You must have a prison official fill out the certificate on the back of this form and attach a copy of your prisoner trust account statement for the last six months.**

Ex. 2



**RE: Trust Fund Account Request, ID: 254068**

Stone, Geri    to: Jonathan_Baker@ilnd.uscourts.gov                    11/09/2016 12:46 PM

From:    "Stone, Geri" <gstone@idoc.IN.gov>
To:      "Jonathan_Baker@ilnd.uscourts.gov" <Jonathan_Baker@ilnd.uscourts.gov>

I have received a lot of U.S. District court orders. The first few required an Initial Partial Filing Fee of $ 70.70 or $ 82.80. He was receiving regular funds from the street because these fees were not being taken. Once the orders started filing in, he quit receiving funds because he knew they were due and I would hold them on his account and pay towards the fees on at least five of the orders.

He sent out two (2) large mailings on certified mail. When I noticed that, I returned all his mail requesting to be Certified. He could mail, but not at any special rates because he became indigent or without funds to cover the charges. I am still receiving orders with Initial Partial Filing Fees and he has no funds available for any of them. I'm trying to understand why he is allowed to continue filing these orders.

**From:** Jonathan_Baker@ilnd.uscourts.gov [mailto:Jonathan_Baker@ilnd.uscourts.gov]
**Sent:** Wednesday, November 09, 2016 12:03 PM
**To:** Stone, Geri
**Subject:** RE: Trust Fund Account Request, ID: 254068

**** This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. ****

Dear Ms. Stone,

The information you sent me for Mr. Konrath appears to only go through September 2. Can you send me the rest of the information through October 6? And if there is not any, can you provide a reason for why that is?

Thanks,

Jonathan

From:    "Stone, Geri" <gstone@idoc.IN.gov>
To:      "Jonathan_Baker@ilnd.uscourts.gov" <Jonathan_Baker@ilnd.uscourts.gov>
Date:    11/09/2016 11:33 AM
Subject: RE: Trust Fund Account Request, ID: 254068

You're welcome.

Ex. 3